ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 10 2007

JAMES N. HATTEN, CLERK
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANISSA WHITE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : NO. 1 07-CV-1901 |
| OXFORD COLLECTION AGENCY, | : |
| INC., a New York Corporation, | : |
| sometimes doing business as | : |
| "Oxford Management Services," | :      WBH |
| Defendant. | : |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.  This is an action for damages against the defendant for violations of the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.).

### SUBJECT MATTER JURISDICTION

2.  Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4.  Plaintiff is a resident of this State, District and Division who is authorized by law to bring this action.

5.  Defendant OXFORD COLLECTION AGENCY, INC. is a corporation organized under the laws of the State of New York. [Hereinafter said defendant is referred to as "OXFORD."]

6.  OXFORD sometimes does business under the name of "Oxford Management Services."

7.  OXFORD is subject to the jurisdiction and venue of this Court.

8.  OXFORD may be served by personal service upon Salvatore Spinelli, or another authorized officer or agent, at its principal place of business, to wit: 135 Maxess Road, Melville, NY 11747, or wherever said officers may be found.

9.  Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure, the laws of the State of New York, and/or the laws of the State of Georgia.

10. Other Defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

11. OXFORD uses mail in its business.

12. OXFORD uses telephone communications in its business.

13. The primary purpose of OXFORD's business is the collection of debts.

14. OXFORD regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

15. Defendant OXFORD is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a debt allegedly due from plaintiff to a business not a party to this litigation, defendant communicated with Plaintiff in a fashion that violates the Fair Debt Collection Practices Act.

17. On or about June 27, 2007, OXFORD left a voice message on Plaintiff's answering machine.

18. The first message stated that it was "regarding a personal business matter in which [Plaintiff is] directly involved."

19. The message referenced in the above paragraph failed to state that the message was from a debt collector.

20. The message failed to state that it was an attempt to collect a debt.

21. The message failed to state that any information obtained would be used for the purpose of collecting a debt.

22. The message failed to disclose the caller's identity.

23. On or about June 27, 2007, OXFORD left a second message on Plaintiff's answering machine less than six hours later.

24. In the second phone message, the caller failed to furnish any meaningful identity, only leaving a telephone number and hours of operation.

25. In the second phone message, the caller failed to state that the communication was from a debt collector.

26. In the second phone message, the caller failed to state that any information collected would be used for the purpose of collecting a debt.

27. On or about June 29, 2007, OXFORD left a third message on Plaintiff's answering machine.

28. The third message was nearly identical in content to the second message.

29. In the third message, the caller again failed to furnish any meaningful identification.

30. The third message failed again to state that the call was from a debt collector.

31. The third message failed again to state that any information collected would be used for the purpose of collecting a debt.

32. In communicating with Plaintiff, OXFORD violated the Fair Debt Collection Practices Act.

33. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

34. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

35. Defendant's violations of the FDCPA include, but are not limited to, the following:

36. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. section 1692d(6);

37. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e; and

38. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. section 1692e(11).

39. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee;

c) That the Court declare all defenses raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICE OF KRIS SKAAR, P.C.

by: *[signature]*
Kris Skaar
Attorney for Plaintiff
Georgia Bar No. 649610

P.O. Box 1478 • Marietta, GA 30061-1478
331 Washington Avenue • Marietta, GA 30060
(770) 427 - 5600